IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01235-BNB

GREGORY L. TURMAN,

    Applicant,

v.

TOM CLEMENTS,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Gregory L. Turman, is a prisoner in the custody of the Colorado Department of Corrections who is currently incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Turman filed *pro se* an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 11, 2012. He has paid the $5.00 filing fee in a habeas corpus action.

    The Court must construe the application liberally because Mr. Turman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Turman will be ordered to file an amended application.

    In the § 2241 application, Mr. Turman asserts one claim for relief. He alleges that the state court lacked jurisdiction to prosecute him. As relief, he requests that his conviction be vacated. Mr. Turman appears to be challenging the validity of a state

court conviction and sentence rather than the execution of his sentence. As a result, his claim is properly asserted pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

In addition to filing an amended application on the proper form, Mr. Turman must assert his claims clearly and must allege specific facts in support of each asserted claim. Section 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Turman must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." The Court notes that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Therefore, Executive Director Tom Clements is not a proper party to this action. Accordingly, it is

ORDERED that Mr. Turman file within thirty (30) days from the date of this order an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that Mr. Turman shall obtain the court-approved

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Turman fails within the time allowed to file an amended pleading as directed, the application will be denied and the action will be dismissed without further notice.  It is

DATED May 16, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge