IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01235-BNB

GREGORY L. TURMAN,

    Applicant,

v.

MICHAEL MILLER, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Gregory L. Turman, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado.  Mr. Turman initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of a state court criminal conviction.  On June 21, 2012, Mr. Turman filed on the proper form an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5).  Mr. Turman is challenging the validity of his conviction in El Paso County District Court case number 09CR1944.

    On June 22, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On June 29, 2012, Respondents filed their Pre-Answer Response (ECF No. 12)

arguing that Mr. Turman's claim is procedurally defaulted. On September 4, 2012, Mr. Turman filed a reply (ECF No. 20) to the Pre-Answer Response.

The Court must construe the amended application and other documents filed by Mr. Turman liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Turman "was charged with criminal offenses after he stalked a woman, broke into her house, and set fire to it. He was convicted by a jury of first degree arson, second degree burglary, criminal mischief, and stalking." *People v. Turman*, No. 10CA2452 (Colo. App. Mar. 22, 2012) (ECF No. 12-1 at 2). The judgment of conviction was affirmed on direct appeal. *See id.* Following the affirmance by the Colorado Court of Appeals, Mr. Turman filed a petition for writ of certiorari that remains pending in the Colorado Supreme Court.

Mr. Turman also has sought to challenge his conviction in state court postconviction proceedings. On November 12, 2010, Mr. Turman filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 12-2 at 10.) Respondents have submitted a copy of Mr. Turman's Rule 35(c) motion with their Pre-Answer Response. (*See* ECF No. 12-3.) Mr. Turman asserts that the trial court did not rule on the merits of the Rule 35(c) motion because counsel filed a notice of appeal from the judgment of conviction. Mr. Turman recounts his subsequent efforts to seek relief in the state courts as follows:

   After Advisory Counsel wrongfully filed a Notice of Appeal,

> Appeals Counsel petitioned the Colorado Court of Appeals for limited remand to continue 35(c) motion. The Appeals Court denied remand motion. Appeals Counsel, then filed an Opening Brief, omitting critical issues. As a result, [Mr. Turman] filed a Petition with the Appeals Court to address the jurisdictional issue and for ineffective assistance of counsel. The Appeals Court denied the petition, stating that it could not accept pro-se filings. Applicant then filed a Rule 21 C.A.R., mandamus with the Colorado Supreme Court, seeking to have jurisdictional issue addressed. This motion was denied.

(ECF No. 5 at 5 (citations omitted).)

Mr. Turman initiated the instant action on May 11, 2012. In the amended application filed on June 21, 2012, he asserts one claim for relief in which he alleges that his federal constitutional right to due process was violated because he was denied a preliminary hearing.

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). However, Respondents do raise the affirmative defense of exhaustion of state court remedies. More specifically, Respondents contend that Mr. Turman's due process claim is unexhausted and procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. Turman did not exhaust state remedies for his due process claim because that claim was not presented to the state courts on direct appeal. Mr. Turman does not dispute this point, and he does not list the due process claim as one of the claims raised on direct appeal. (*See* ECF No. 5 at 3.) A review of Mr. Turman's opening brief on direct appeal confirms that the due process claim he is asserting in this action was not raised on direct appeal. (*See* ECF No. 12-4.)

Mr. Turman argues in his reply to the Pre-Answer Response that the due process claim is exhausted for two reasons. First, he contends that he raised the claim in the

Colorado Court of Appeals on direct appeal in a *pro se* motion that, as noted above, was denied because he was represented by counsel.  Mr. Turman also contends that he raised the claim in the Colorado Supreme Court in a mandamus petition he filed while his direct appeal was pending.  On November 10, 2011, the Colorado Supreme Court denied the mandamus petition without considering the merits of the claims asserted.  (*See* ECF No. 20-5.)

Even assuming Mr. Turman's constitutional due process claim in this action was raised in the *pro se* petition he filed in the Colorado Court of Appeals on direct appeal and in the mandamus petition filed in the Colorado Supreme Court, the Court does not agree that the claim was fairly presented to the state courts.  First, Mr. Turman's *pro se* petition to the Colorado Court of Appeals while represented by counsel on direct appeal does not constitute fair presentation because there is no right to hybrid representation.  *See People v. Arguello*, 772 P.2d 87, 92 (Colo. 1989).  The mandamus petition Mr. Turman filed in the Colorado Supreme Court also does not constitute fair presentation because, if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation."  *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).  The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ.  *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).  Furthermore, the

denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Therefore, the Court finds that Mr. Turman's due process claim was not fairly presented to the state courts and is not exhausted.

Respondents also contend that Mr. Turman's due process claim is barred by the doctrine of anticipatory procedural default because Mr. Turman cannot raise the claim in a state court postconviction motion. More specifically, Respondents argue that because Mr. Turman could have raised the due process claim on direct appeal but failed to do so, Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure will prevent him from raising the claim in a postconviction motion.

The Court is not persuaded that Mr. Turman's due process claim is subject to an anticipatory procedural default because it is not clear that Mr. Turman cannot raise the claim in a state court postconviction motion. Although Respondents are correct that Rule 35(c)(3)(VII) generally prohibits consideration of claims that could have been raised previously, Respondents do not address whether any exception to this rule may apply. Pursuant to Rule 35(c)(3)(VII)(d), "[a]ny claim that the sentencing court lacked subject matter jurisdiction," which is how Mr. Turman postures his due process claim, would not be barred. Furthermore, pursuant to Rule 35(c)(3)(VII)(e), "[a]ny claim where an objective factor, external to the defense and not attributable to the defendant, made raising the claim impracticable" also would not be barred. Mr. Turman apparently contends that counsel on direct appeal failed to raise the due process claim and it is not clear whether counsel's failure to raise the claim might fall within the exception specified

in Rule 35(c)(3)(VII)(e).  In a similar context and under certain circumstances, the ineffectiveness of counsel on direct appeal can constitute cause for a procedural default.  *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  Therefore, the Court does not find that Mr. Turman's claim is procedurally barred.  However, because the claim is not exhausted, the action still must be dismissed.  The difference is that the action will be dismissed without prejudice and any habeas corpus action Mr. Turman may seek to file in the future challenging the validity of the same conviction will not be subject to the restrictions on filing a second or successive application.  *See* 28 U.S.C. § 2244(b).  Mr. Turman is advised, however, that he must pursue his claims diligently because any habeas corpus action he may seek to file in the future will be subject to the one-year limitation period in § 2244(d).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended application (ECF No. 5) are denied and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  11th  day of    September    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court